*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*MARSHALL DIVISION*

| | | |
|---|---|---|
| PEGGY KEELING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:17-CV-338 |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INS. CO., | § | |
| | § | |
| Defendant. | § | |

## *PLAINTIFF'S ORIGINAL COMPLAINT*
## *AND DEMAND FOR JURY TRIAL*

*TO THE HONORABLE JUDGE OF SAID COURT:*

**COMES NOW, PEGGY KEELING** and files this, her Original Complaint, and in support thereof would respectfully show unto the Court the following:

### *I.*

### *PARTIES*

1. **PEGGY KEELING** is an individual residing in the Eastern District of Texas.

2. **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** is a foreign property and casualty insurance company with its principal place of business located in Bloomington, Illinois.  It may be served with process through its registered agent, Shyama Terry, at 8900 Amberglen Boulevard, Austin, Texas 78729-1110.

## II.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (West 2017) in that all parties are citizens and residents of different states and the amount in controversy, excluding interest and costs, exceeds $75,000.00.

4. Venue is proper in the Eastern District of Texas in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas.  In particular, the accident made the basis of this suit, the issuance of the policy in question and the claims adjustmentall occurred in the Eastern District of Texas.

## III.

## FACTUAL BACKGROUND

5. On or about May 17, 2016, in Henderson, Rusk County, Texas an underinsured driver failed to control her speed and collided her 2005 Chevrolet Suburban into the 2105 Chrysler Town & Country driven by *PEGGY KEELING.*

6. The force of the impact destroyed the Town & Country and inflicted serious and permanently disabling injuries on *PEGGY KEELING.*

7. At all relevant times, *PEGGY KEELING* was insured against damages inflicted by an underinsured motorist through an automobile liability insurance policy issued by *STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM").*

8. Despite presentation and demand, **STATE FARM** has refused to tender the amount justly owed to **PEGGY KEELING.**

## V.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

9. **PEGGY KEELING** would show the Court that the refusal of **STATE FARM** to tender the amounts owed under the policy constitutes a material breach of the insuring agreement.

10. Moreover, Plaintiff would show the Court that this breach by **STATE FARM** was not excused by any prior, material breach by her.

### B.

### INSURANCE CODE VIOLATIONS

11. Likewise, **PEGGY KEELING** would show the Court that **STATE FARM** has failed to pay the amounts due under the policy without justification and despite the fact that its liability therefore is reasonably clear in violation of § 541.060(a)(1) of the Texas Insurance Code.

12. Further, **STATE FARM** delayed payment of the claim for underinsured motorist benefits for more than sixty (60) days after receiving all items, statements and

forms reasonably requested and required in violation of § 542.058 of the Texas Insurance Code.

13. Finally, **PEGGY KEELING** would show the Court that **STATE FARM** engaged in such conduct with actual awareness of the falsity, unfairness or deceptiveness of the acts and practices of which **PEGGY KEELING** complains.

## *VI.*

## *DAMAGES*

14. Since the time of the accident in question, **PEGGY KEELING** has been required to seek medical care for injuries she received to her foot and ankle due to the collision.

15. She has also lost the ability to do household services.

16. Further, she makes claim for her physical impairment in the past and the pain, suffering and mental anguish from which she has suffered constantly since the time of the accident.

17. Further, **PEGGY KEELING** will, in reasonable probability, require medical care in the future and suffer a continuing loss of the ability to perform household services.

18. She will also continue to suffer pain, suffering and mental anguish in the future.

19. She has incurred reasonable and necessary attorney's fees & costs of court.

20. She is entitled to treble damages, a statutory penalty of 18% per annum and attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, **PEGGY KEELING** respectfully prays that **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** be cited to answer and appear, and that, upon final adjudication of this case, it be ordered to pay all damages for which she prays, along with statutory penalties, treble damages, reasonable attorneys' fees, all costs of court and such other legal or equitable remedies to which she is justly entitled, including pre-judgment and post-judgment interest.

Respectfully submitted,

By: __/s/ *James Holmes*__

James A. Holmes (Attorney in Charge)
State Bar No. 00784290

***THE LAW OFFICE OF JAMES HOLMES, P.C.***

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

***ATTORNEY FOR PLAINTIFF***

