IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PEGGY KEELING | § | |
| | § | |
| v. | § | Case No. 2:17-CV-0338 -RSP |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's 12(b)(3) Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (Dkt. No. 4) filed on May 12, 2017 by Defendant State Farm Mutual Automobile Insurance Company. This action is brought by Peggy Keeling, a resident of Rusk County, Texas, against her insurer, State Farm, based in Illinois, arising out of a motor vehicle collision that occurred on May 16, 2016 in Henderson, Rusk County, Texas. Defendant moves to dismiss the case or transfer the case to the Tyler Division of this Court.

## APPLICABLE LAW

The first part of Defendant's motion, seeking dismissal under Rule 12(b)(3) for improper venue, is easily dealt with. Congress long ago, in 1988, repealed the section of the Judicial Code, 28 U.S.C. §1393, dealing with divisional venue. Since that time, proper venue lies in districts, not in divisions within the districts. See 28 U.S.C. §1391. Accordingly, Plaintiff has established that venue is proper in the Eastern District of Texas. The question thus becomes whether the case should be transferred under the provisions of 28 U.S.C. §1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would

1

have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

**DISCUSSION**

**A.     Proper Venue for the Case**

As noted above, there is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

B.  **Private Interest Factors**

    1.  **Relative Ease of Access to Sources of Proof**

Plaintiff's residence is in Rusk County, Texas, which adjoins the Marshall Division but is located in the far eastern edge of the Tyler Division. The residence is located equidistant to the Marshall and Tyler courthouses. The accident scene in Henderson is also roughly equisdistant, with the Defendant's exhibits showing it two minutes closer to the Tyler courthouse than to the Marshall courthouse. The defendant resides in Bloomington, Illinois, which is located closer to Marshall than to Tyler, although by a mere 40 miles. The record does not reflect that this will be a document-intensive case. This factor does not favor transfer.

    2.  **Availability of Compulsory Process to Secure the Attendance of Witnesses**

It appears that all of the relevant witnesses would be subject to compulsory process either in Marshall or in Tyler. This factor is neutral.

    3.  **Cost of Attendance for Willing Witnesses**

The cost of attendance is roughly equal. There has been no showing of greater expense for any witness. This factor does not favor transfer.

    4.  **All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Defendant moved for transfer promptly and no significant proceedings had yet occurred in Marshall. This factor is neutral.

C.  **Public Interest Factors**

    1.  **Administrative Difficulties Flowing From Court Congestion**

The parties have not identified any considerations that relate solely to this factor. While the Marshall Division may have a somewhat heavier civil docket, the Tyler Division has a much heavier criminal docket. This factor is neutral.

### 2. Local Interest in Having Localized Interests Decided at Home

While Rusk County is in the Tyler Division, there is no appreciably greater interest in this case in the Tyler Division than in the adjoining Marshall Division. This factor is neutral as well.

### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

## CONCLUSION

The Court finds Defendants have not shown that the Tyler Division is clearly more convenient. Accordingly, the Motion is DENIED.

**SIGNED this 15th day of August, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE